BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>       v.<br><br>APPROXIMATELY $87,575.00 SEIZED FROM JP MORGAN CHASE BANK BUSINESS CHECKING ACCOUNT NUMBER 112992330, HELD IN THE NAME OF BENJAMIN B. ROZENBERG, DBA: MIDNITE EVENTS,<br><br>APPROXIMATELY $33.12 SEIZED FROM JP MORGAN CHASE BANK BUSINESS SAVINGS ACCOUNT NUMBER 2906193650, HELD IN THE NAME OF BENJAMIN B. ROZENBERG, DBA: MIDNITE EVENTS,<br><br>APPROXIMATELY $19,634.79 SEIZED FROM JP MORGAN CHASE BANK PERSONAL CHECKING ACCOUNT NUMBER 112992030, HELD IN THE NAME OF BENJAMIN B. ROZENBERG, AND<br><br>APPROXIMATELY $5,434.78 SEIZED FROM JP MORGAN CHASE BANK PERSONAL SAVINGS ACCOUNT NUMBER 2906027380, HELD IN THE NAME OF BENJAMIN B. ROZENBERG,<br><br>                      Defendants. | 2:13-MC-00108-MCE-KJN<br><br>CONSENT JUDGMENT OF FORFEITURE |

1

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On May 16, 2013, agents with the Internal Revenue Service – Criminal Investigation ("IRS") executed Federal seizure warrants at JP Morgan Chase Bank at 1300 21st Street, Sacramento, California.  The agents seized Approximately $87,575.00 from JP Morgan Chase Bank business checking account number 112992330, held in the name of Benjamin B. Rozenberg, DBA: Midnite Events; Approximately $33.12 from JP Morgan Chase Bank business savings account number 2906193650, held in the name of Benjamin B. Rozenberg, DBA: Midnite Events; Approximately $19,634.79 from JP Morgan Chase Bank personal checking account number 112992030, held in the name of Benjamin B. Rozenberg; and Approximately $5,434.78 from JP Morgan Chase Bank personal savings account number 2906027380, held in the name of Benjamin B. Rozenberg (hereafter the "defendant funds").

2. The IRS commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about July 24, 2013, the IRS received a claim from Benjamin Rozenberg ("claimant") asserting an ownership interest in the defendant funds.

3. The United States represents that it could show at a forfeiture trial that from August 27, 2012 to December 3, 2012, Benjamin Rozenberg or another person acting for his benefit, structured transactions by breaking up currency deposits to JP Morgan Chase Bank Account Numbers 112992330, 2906193650, 112992030, and 2906027380 described above.  The defendant funds were allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000.01 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

4. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981.

5. Without admitting the truth of the factual assertions contained in this

stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant funds. Claimant hereby acknowledges that he is the sole owner of the defendant funds and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimant shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, all right, title, and interest of Benjamin Rozenberg in the following defendant funds, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981, to be disposed of according to law:

    a. Approximately $48,137.00 of the $87,575.00 seized from JP Morgan Chase Bank business checking account number 112992330, held in the name of Benjamin B. Rozenberg, DBA: Midnite Events,

Consent Judgment of Forfeiture

       b.     Approximately $33.12 seized from JP Morgan Chase Bank business savings account number 2906193650, held in the name of Benjamin B. Rozenberg, DBA: Midnite Events,

       c.     Approximately $19,634.79 seized from JP Morgan Chase Bank personal checking account number 112992030, held in the name of Benjamin B. Rozenberg, and

       d.     Approximately $5,434.78 from JP Morgan Chase Bank personal savings account number 2906027380, held in the name of Benjamin B. Rozenberg.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $39,438.00 of the Approximately $87,575.00 seized from JP Morgan Chase Bank business checking account number 112992330, held in the name of Benjamin B. Rozenberg, DBA: Midnite Events, shall be returned to Benjamin Rozenberg through his attorney John Balazs.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Benjamin Rozenberg waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

///
///
///
///
///
///

4

15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated: July 8, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT